UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MONSANTO COMPANY and
THE NUTRASWEET COMPANY,

                               Plaintiff(s),              **ORDER**
                                                                      mc 08-134 (DRH)(WDW)

     -against-

VICTORY WHOLESALE GROCERS, et al.,
                               Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a motion by the defendant ("Victory") to quash a subpoena issued by the plaintiffs (collectively, "Monsanto") to non-party law firm Kramer Levin Naftalis & Frankel, LLP. Because the subpoena is facially invalid under Rule 45, the court grants that motion. Further, the court construes Monsanto's opposition to the motion to quash as a cross-motion to allow Monsanto to seek, by valid subpoena, documents previously designated as confidential pursuant to a Confidentiality Order in effect in *Procter & Gamble Co., Inc. v. Xetal, Inc.,* CV 04-2820 (E.D.N.Y., filed Jul. 6, 2004) and grants that cross-motion as well.

## BACKGROUND

The plaintiff ("Monsanto") and the defendant ("Victory") in this Miscellaneous action are also adverse parties in a pending lawsuit in the United States District Court for the Southern District of Ohio entitled *Monsanto Company v. Victory Wholesale Grocers*, C-1-99-371. In relation to that action, Monsanto served a subpoena on the non-party law firm of Kramer Levin Naftalis & Frankel, LLP, seeking to compel the production of deposition transcripts and other documents from *Procter & Gamble Co., Inc. v. Xetal, Inc.,* CV 04-2820, an action currently pending in this District. Kramer Levin represents Procter & Gamble in that action, in which Victory was a defendant until January 2007.

The subpoena now at issue seeks "Copies of all deposition transcripts (with exhibits) of all

Victory employees, officers and/or representatives taken in the litigation entitled <u>The Procter & Gamble Company, Inc. v. Xetal, Inc., et al.</u>, 04-cv-2820 (E.D.N.Y., filed Jul. 6, 2004), including, but not limited to, the deposition transcripts and exhibits of Scott Mattis, Alvin Eder, James Office and Leo Rolfes." *See* DE[2], Ex. A. Much, if not all, of the content of the documents sought is subject to a Protective Order entered by the undersigned on November 30, 2004. *See* DE [2], Ex. C. Monsanto originally served its subpoena on Kramer Levin out of the Southern District of New York, pursuant to Rule 45(a)(2)(C), which provides that a subpoena for the production of documents, if separate from a deposition subpoena, must issue from "the court for the district where the production or inspection is to be made." The subpoena, served on January 7, 2008, specified that the production/inspection was to occur at the New York City offices of The Brown Law Group, Monsanto's attorneys in both this action and the action in Ohio. *See* DE[2], Ex. A.

  Prior to the issuance of the subpoena, Monsanto sought a ruling in the Ohio action that would compel production of some of the same documents sought in the subpoena. The Ohio Judge, District Judge Weber, denied that application, noting that it would not allow "the Procter & Gamble case to become a part of this case." He further stated that Monsanto could proffer whatever was a matter of public record in the Procter and Gamble case, but that he would not order the production of documents sealed by a court in New York. Judge Weber's concern arose, presumably, as a matter of comity, not as a matter of law. Monsanto's counsel, he noted, had a right to subpoena the documents in New York and/or to go to the New York court to request release of the documents. *See* DE [2], Ex. B; DE [13] at 3-4.

  Kramer Levin did not object to the Southern District subpoena, but Victory moved to quash it in that District. Southern District Judge McKenna heard oral argument on the motion to

2

quash on February 19, 2008, but after the argument, he recused himself on the ground of personal conflict of interest. During the argument before Judge McKenna, Victory had argued, *inter alia*, that the subpoena should have issued out of the Eastern District as a matter of comity, inasmuch as the protective order in *Procter & Gamble* was still in effect. Monsanto states that although the original subpoena was properly issued out of the Southern District, rather than waiting for re-assignment of the case within that District, it re-served the subpoena on Kramer Levin out of the Eastern District on February 28, 2008 "in an effort to simplify and eliminate the issues to be litigated on this application in order to achieve a more prompt resolution and save judicial economy." DE [6] at 4.

On March 5, 2008, this action was started with the filing of the motion to quash by Victory. The motion was referred by Judge Hurley to the undersigned, and a telephone conference was scheduled for April 17, 2008. On that date, I was unexpectedly called out of chambers, and the lawyers spoke to my law clerk, who told them that I was concerned about the validity of a motion issued out of the Eastern District and compelling production in the Southern District. They were directed to submit supplemental memoranda of law addressing the issue of whether the parties could, in effect, "waive" the plain language of Rule 45 by agreeing to the issuance of the subpoena and subsequent jurisdiction by one district, when the production of documents would take place in another district. Counsel submitted the required supplemental memoranda and the court now turns to the legal issues presented.

## DISCUSSION

**Victory's Standing:**

As a threshold issue, the court addresses Victory's standing to move to quash the subpoena. Monsanto argues that "'only the party or person to whom the subpoena is directed has

3

standing to move or quash or otherwise object to a subpoena.'" DE 6 at 6-7 (quoting *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004)). Victory argues that "a party may object to a subpoena served upon a non-party to the extent the subpoena 'requires disclosure of privileged or other protected matter . . . .'" DE 8 at 5 (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii); *Chemical Bank v. Dana,* 149 F.R.D. 11, 13 (D. Conn. 1993)). I find that, under the circumstances of this case, Victory, as a party to the Confidentiality Order, does have standing to challenge a subpoena that seeks documents covered by that Order.

**The Confidentiality Order in Procter & Gamble:**

At oral arguments in the Ohio action, District Judge Weber expressed concern that the documents at issue were subject to a protective order in the Eastern District and he was reluctant to interfere with it. *See* DE [2], Ex. B at 75-77; DE [7], Ex. G at 4-5. The Confidentiality Order, which was prepared as a Stipulation between Procter & Gamble and Victory, limits production of documents designated as confidential to specified parties and requires that confidential materials be sealed. DE[2], Ex. C at ¶2. It also states that the confidential materials "shall be used only for purposes of this Action and any other legal action concerning counterfeit products sold by or to parties this Action." *Id.* at ¶5. It specifies that a party who "receives a subpoena or other request for production or disclosure of Confidential Material from any nonparty or party, other than a law enforcement agency, if permitted by law, shall give prompt written notice to the designating Party to enable the designating Party to take such action as it deems appropriate to protect the confidential status of the Material." *Id.* at ¶6. Finally, the Order provides that nothing in it "shall be taken as indicating that any Materials are in fact Confidential or entitled to confidential treatment. Either Party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as

4

Confidential." *Id.* at ¶10.

While the cited provisions do not directly reflect the circumstances now before the court, they do reflect Victory's agreement that the documents might be used in some other "legal action concerning counterfeit products sold by or to parties" to *Procter & Gamble*. Further, the Order anticipates that a subpoena seeking the documents could issue at some time. Monsanto, in its supplemental memorandum, states that it is not seeking "to modify, <u>per se</u>, the Confidentiality Order in place in the Procter & Gamble action," but, "in effect, seeking to be added as a party for the limited purpose of reviewing the documents at issue, while maintaining the confidential nature of same." DE[14] at 2.

I have reviewed the Confidentiality Order and find that nothing in it per se bars the production of the subpoenaed documents by Kramer Levin to Monsanto[1]. Thus, the appropriate court, in determining a motion to quash the subpoena, need not concern itself further, as a matter of comity, with the applicability of the Confidentiality Order. And, Monsanto has agreed to abide by the terms of the Confidentiality Order. As Judge Weber noted in the Ohio proceeding, Monsanto has the right to subpoena Kramer Levin to obtain the documents and nothing in the Confidentiality Order undercuts that finding. This brings us to the question of whether this is the

---

[1] Victory takes the position that this court, by entering the Confidentiality Order, has deemed the information sought by Monsanto to be proprietary and confidential. That is not precisely true. In entering the Confidentiality Order, the undersigned gave the parties the right to deem certain material confidential. That is not tantamount to the court's making that designation. Further, Monsanto is not seeking to challenge the confidential designation, but to have the right to review those documents designated as confidential pursuant to the Order, subject to the terms of the Order. This court thus rejects any argument by Victory on that ground. To the extent that it is relevant to the Confidentiality Order, this court also rejects Victory's argument that the potential admissibility of the documents sought should cause the subpoena to be quashed or should bar any modification of the Confidentiality Order. Questions of admissibility will be decided by the court in Ohio and are irrelevant to the issues before this court.

appropriate court to have issued the subpoena, and I now turn to that issue.

**Rule 45(a)(2)(C):**

As noted earlier, the subpoena issued from the Eastern District, requiring production of the documents in the Southern District, at The Brown Group's (Monsanto's counsel's) Manhattan offices. Rule 45(a)(2)(C) requires that a subpoena for documents must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). The plain language of the Rule would thus appear to require this court to grant the motion to quash, on the ground that the subpoena issued from the wrong court. With this in mind, I asked counsel to submit supplemental memoranda of law addressing the question of whether, on consent of the parties, the requirement of Rule 45 could be waived so as to allow this court to issue a subpoena requiring production in another district.

Monsanto cites to *U&I Corp. v. Advanced Medical Design, Inc.,* 2007 WL 4181900 (M.D. Fla. 2007) for the proposition that "controversies regarding the production of documents from non-party witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere." DE [14] at 3 (also citing *Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227 F.R.D. 374, 381 (W.D. Penn. 2005); *Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 2008 WL 728370 at *1 (W.D. Penn. Mar. 18, 2008)). That proposition might prevail[2] if a subpoena issued by the Southern District were before this court. As Victory notes, however, that argument begs the question of whether the subpoena issued from the proper court in the first place. It did not. The language of Rule 45 is clear, and a subpoena for the production of documents in the Southern District must issue from that court. *See LaBarbera v. Amerigas*

---

[2]The court takes no position on that issue in this order.

*Propane, Inc.,* CV 01-8040, DE[69] at 3-5 (E.D.N.Y. 2007) (Hurley, D.J.).

In making this ruling, I am sensitive to the waste of time and money that has been invested in this subpoena. Victory's arguing in the Southern District that the subpoena should have issued from the Eastern District as a matter of comity and its current argument in the Eastern District that it must issue from the Southern District as a matter of law may well be deemed obnoxious, but Victory is correct in stating that the parties do not have the power to change the plain meaning of Rule 45. Thus, the motion to quash is granted on the sole ground that the subpoena is facially invalid. To the extent that another court considering the subpoena wishes to consider the impact of the *Procter & Gamble* Confidentiality Order, this court also finds that the Order does not bar production of the documents by Kramer Levin, subject to whatever arguments for quashing that Victory might raise.

Dated: Central Islip, New York
      May 14, 2008

**SO ORDERED:**

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge